1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DERRICK J. NEVAK,<br><br>               Plaintiff,<br><br>    v.<br><br>THE UNITED STATES CABINET, et al.,<br><br>               Defendants. | CASE NO. C19-576 MJP<br><br>ORDER OF DISMISSAL UPON REVIEW UNDER 28 U.S.C. § 1915(E)(2)(B) |

Plaintiff Derrick Nevak, appearing *pro se*, filed an application to proceed *in forma pauperi*s (IFP) and a proposed civil complaint. (Dkt. 1.) He has since paid his filing fee and his complaint has been filed. (Dkt. No. 3.) While the claims are difficult to decipher, it appears that Plaintiff believes himself to be an "Undocumented Intelligence Operator" of "Rogue" intelligence programs which have become "completely out of control" and that Plaintiff has sought assistance from the FBI, CIA, NSA and DoD. (Dkt. No. 1-3 at 9.) Having exhausted his other remedies, he seeks the aid of the Court for "personal injustice, CORRUPTION,

SYSTEMIC CIVIL RIGHTS VIOLATIONS. SYSTEMIC INTELLIGENCE FAILURE. and SYSTEMIC PERJURY." (Id. at 26.)

Plaintiff bears the burden of establishing his case is properly filed in federal court. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001). He must plead sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, when it appears subject matter jurisdiction is lacking, the Court "shall dismiss the action" and may do so on its own initiative. Munoz v. Mabus, 630 F.3d 856, 860 (9th Cir. 2010); Csibi v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982).

An action may be dismissed for lack of subject matter jurisdiction, without leave to amend, when it is clear the jurisdictional deficiency cannot be cured by amendment. May Dep't Store v. Graphic Process Co., 637 F.2d 1211, 1216 (9th Cir. 1980). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks and quoted sources omitted). Further, pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may dismiss a complaint if it is frivolous or fails to state a claim upon which relief may be granted. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Plaintiff here fails to identify a sufficient basis for federal jurisdiction. Nor is there a reasonable basis for concluding the jurisdictional deficiency could be cured by amendment.

1  Further, because this action appears frivolous and fails to state a claim upon which relief may be
2  granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).
3      Where a pro se litigant's complaint fails to state a claim upon which relief may be
4  granted, the Court generally grants him the opportunity to amend the complaint. <u>Lucas v. Dep't
5  of Corrections</u>, 66 F.3d 245, 248 (9th Cir. 1995). However, the Court may deny leave to amend
6  if "it is absolutely clear that no amendment can cure the defect." <u>Id</u>. Based on the nature of Mr.
7  Nevak's allegations, it is clear that there are no set of facts he can plead under his current
8  circumstances upon which he would be entitled to relief. Accordingly, the Court concludes that
9  Mr. Nevak should not be granted leave to amend.
10     Because the deficiencies in the proposed complaint cannot be cured by amendment, this
11 case DISMISSED with prejudice. 28 U.S.C. § 1915(e)(2)(B), and Fed. R. Civ. P. 12(h)(3).
12     The clerk is ordered to provide copies of this order to Plaintiff.
13 Dated May 8, 2019.

*[signature]*
Marsha J. Pechman
United States Senior District Judge